UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GILEAD SCIENCES, INC.,

                                    Plaintiff,

-v-

TEVA PHARMACEUTICALS USA, INC., *et al.*,

                                   Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-17-13

No. 10 Civ. 1796 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of Defendant Teva's letter, dated September 16, 2013, responding to the Court's September 11, 2013 order by: (1) explaining why portions of the transcript from parties' August 29, 2013 telephone status conference should be redacted, and (2) narrowing the requested redactions from those initially requested in Teva's September 6, 2013 letter to the Court. Teva now requests redaction of only the following: (a) Page 5, line 13, beginning with "There was" through the sentence ending on line 20, and (b) Page 6, line 5 through line 9.

The requested redactions, as revised by Teva's September 16, 2013 letter, deal with a specific provision of parties' settlement agreement. In considering a party's request to restrict access to judicial records, a court must weigh the presumption of access that attaches to the records against any countervailing concerns that may be relevant, including "'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119 (2006) (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Here, the presumption of access is weak because the public interest in knowing the precise terms of settlement agreements is limited. *United States v. Glen Falls Newspapers, Inc.*, 160 F.3d 853, 857-58 (2d Cir. 1998) ("We

conclude that the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent."). This weak presumption of access is easily outweighed by Teva's interest in keeping the terms of its settlement agreement confidential, so as to not confer an unfair competitive advantage to its competitors. The Court also notes that the discussion of the settlement term came in response to the Court's question, *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004), and that Plaintiff Gilead Sciences, Inc. does not object to Teva's request.

Accordingly, Teva's request to redact the portions of the August 29, 2013 transcript enumerated above is HEREBY GRANTED. Teva shall file a copy of the August 29, 2013 transcript incorporating the requested redactions with the Court no later than September 20, 2013, and such redacted transcript shall be docketed in lieu of the existing unredacted transcript.

SO ORDERED.

Dated:   September 16, 2013
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE